IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. 03 CR 50003-1 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael A. Rankins, | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant | ) | |
| | ) | |

## ORDER

For the reasons stated below, defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

## STATEMENT

The court having considered defendant's first motion/letter filed February 6, 2012 for reduction of sentence pursuant to Amendment 750 made retroactive and 18 U.S.C. § 3582(c)(2), defendant's second motion for reduction filed August 2, 1013, the Government's response to the motion for reduction, the most recent Special Report of the Probation Officer, the prior order denying any sentence reduction under Amendment 706, and the original Presentence Investigation Report, and applying § 1B1.10 and the application notes thereto, the court concludes defendant is not eligible for a sentence reduction. Defendant's original adjusted offense level for his cocaine base conviction in Count I was 26; however he was found to be a career offender and the Chapter 4 enhancement raised him to a total offense level of 34. In addition, Count 3, which was grouped with Count 1 had an adjusted offense level of 28, also higher than his cocaine base conviction offense level of 26. The guideline range for Counts 1 and 3 was 362 to 327 months plus a term of imprisonment of 60 months consecutive was required on Count 2. Defendant's sentence of imprisonment imposed on September 4, 2003 was 360 months: 300 months on Count 1, 120 months concurrent on Count 3, and 60 months consecutive on Count 2. His conviction and sentence was affirmed on appeal. United States v. Rankins, No. 03-3420 (7th Cir. Oct. 26, 2004) (unpublished order).

In a subsequent filing under 18 U.S.C. § 3582(c)(2), no reduction of sentence was awarded pursuant to Amendment 706 due to his career offender status which prevented the crack cocaine amendment under the facts in defendant's case from lowering his applicable guideline range.

In the present proceeding, applying Amendment 750 to defendant's motion for a reduction of his sentence of imprisonment, while the offense level for Counts 1 and 3 would be lowered, the total offense level remains at 34 because of the career offender provision, thus the guideline range is unchanged. Pursuant to U.S.S.G. § 1B1.10(a)(2)(B), a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) where the crack amendment does not lower the defendant's applicable guideline range because of the operation of another guideline (here the career offender guideline) or the statutory mandatory minimum. See 1B1.10, app. note 1; United States v. Griffin, 652 F.3d 793, 803 (7th Cir. 2011); see also United States v. Williams, 694 F.3d 917 (7th Cir. 2012). While defendant cites the contrary opinion of the Sixth Circuit, that opinion, United States v. Blewett, Nos. 12-5226/5582 (6th Cir. May 17, 2013), has been vacated.

Further, defendant claims the Fair Sentencing Act of 2010 (FSA) supports a reduction in his sentence. This contention is meritless as the FSA does not apply retroactively to a defendant whose conduct and sentence occurred prior to its effective date. See United States v. Robinson, 697 F.3d 443 (7th Cir. 2012).

Accordingly, the § 3582(c)(2) motion is denied for lack of subject matter jurisdiction.

Date: 8/20/2013

ENTER:

_Philip G. Reinhard_

_____
United States District Court Judge

Notices mailed by Judicial Staff (cjr)